IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**CHINGON INTERNATIONAL, LLC,**
**Plaintiff,**

-vs-

**JOSEPH FLORIO, and LAW OFFICES OF JOSEPH FLORIO,**
**Defendants.**

CAUSE NO.:
A-17-CA-00029-SS

# ORDER

BE IT REMEMBERED on the 12th day of April 2017 and the 23rd day of May 2017, the Court held hearings in the above-styled cause, and the parties appeared by and through counsel. Before the Court is Plaintiff Chingon International, LLC (Chingon)'s Motion to Remand to State Court [#8], and Defendants' Response [#10] in opposition; Defendants' Motion to Reopen Case 13-CV-00194 and Consolidate [#11], Chingon's Response [#13] in opposition, and Defendants' Reply [#14] thereto; and Chingon's Letter Brief [#35], and Defendants' Letter Brief [#34].[1] Having reviewed the documents, the governing law, the arguments of counsel at the hearings, and the file as a whole, the Court now enters the following opinion and orders.

## Background

Plaintiff Chingon filed this lawsuit in Texas state court, seeking a writ of garnishment from Defendants Joseph Florio and Law Offices of Joseph Florio. *See* Notice Removal [#1] Ex. A (Pet.). Defendant Florio represented several claimants in a civil forfeiture suit brought by the Government in this Court to recover real property used in connection with a substantial heroin trafficking operation (Forfeited Property). *See United States v. Real Property Located and*

---

[1] The Court also considered Defendants' Motion to Stay Discovery [#21] and Chingon International's Motion to Exclude Evidence [#23], which it hereby DENIES as moot in view of this opinion and orders.

*Situated at 404 W. Milton Street, et al.*, No. 1-13-CV-194-SS (W.D. Tex. filed Mar. 8, 2013). The Government orchestrated a settlement agreement in the forfeiture case to resolve all claims for interest in the Forfeited Property. This Court adopted the settlement agreement on March 19, 2015, thereby authorizing the United States Marshals Services (USMS) to seize and sell the Forfeited Property to effect the terms of the settlement agreement. *See* Order of Mar. 19, 2015 [#141].

In February 2014, while the civil forfeiture suit was pending in this Court, Chingon contracted to purchase the Forfeited Property from the Guzman Pardo Family Trust #2, Olivia Ruiz, Trustee, Mayo Jovita's Inc., and Amanda Pardo. *See* Pl.'s Ex. List [#29] Ex. 3 (Contract). The sale failed, and Chingon International sued for breach of contract in Texas state court on June 16, 2014. *See* Pl.'s Ex. List [#29] Ex. 7 (Jun. 6, 2014 Pet.). The defendants removed the case to this Court, which remanded it back to state court for lack of subject matter jurisdiction. *See Chingon International, LLC v. Guzman Pardo Family Trust #2 et al.*, No. 1-14-CV-632-SS (W.D. Tex. filed Jul. 8, 2014). After remand, Chingon obtained an October 5, 2015 judgment in state court against the Guzman Pardo Family Trust #2, Olivia Ruiz, Trustee, and Mayo Jovita's Inc. (collectively, Judgment Debtors) for $143,946.00 in actual damages related to the failed sale of the Forfeited Property. *See* Defs.' Am. Ex. List [#30-13] Ex. 13 (Final Judgment).

In the meantime, the USMS auctioned the Forfeited Property pursuant to this Court's order in the civil forfeiture suit. Chingon purchased the Forfeited Property from the auction, closing the sale on November 16, 2016. *See* Pl.'s Ex. List [#29] Ex. 17 (Purchaser's Statement). The USMS wired $200,000.00 of the sale proceeds to Defendant Florio to be paid to seven claimants pursuant to the following provision of this Court's order:

> It is FURTHER ORDERED that after all outstanding ad valorem taxes, valid outstanding liens, and expenses incurred by the USMS are satisfied from the sale

proceeds of the commercial properties of 1615 S. 1st Street and 1619 S. 1st Street, the USMS shall cause payment of TWO HUNDRED THOUSAND AND NO/100 DOLLARS ($200,000.00) from the net proceeds of said sale be made to the Claimants Estate of Amado Pardo, Deceased; Guzman Pardo Family Trust #2; Ismael Guzman; Sandra Guzman; Jovita Pardo; MP (a minor); and Mayo Jovita's Inc. by electronic funds transfer via their attorney of record, Joseph A. Florio, pursuant to the adopted Settlement Agreement.

See Order of Mar. 19, 2015 [#141] at 8.

In an attempt to collect on its earlier state court judgment, Chingon obtained a turnover order on June 13, 2016 for proceeds from the sale of the Forfeited Property. The state court ordered the Judgment Debtors—two of which were claimants in the Court's forfeiture order above—to instruct the USMS and Defendant Florio "to turn over to the Travis County Constable for Precinct 5, any and all money received up to the amount of $143,946.00, from any money or funds to be paid to Judgment Debtors from the sale of [the Forfeited Property]." See Defs.' Am. Ex. List [#30-29] Ex. 29 (Turnover Order). On September 23, 2016, Chingon emailed the USMS and Florio to inform them of the turnover order. See Pl.'s Ex. List [#29] Ex. 16 (Bressi E-mail). Chingon repeatedly requested Florio send any proceeds received from the sale of the Forfeited Property to the Travis County Constable in compliance with the state turnover order. See Defs.' Am. Ex. List [#30-14] Ex. 14 (Attorney E-mails).

After receiving $200,000.00 in proceeds from the USMS, Florio paid himself $67,247.47 in legal fees, and split the remaining money between four claimants: Ismael Guzman, Sandra Guzman, Jovita Pardo, and Mayo Pardo. See Defs.' Am. Ex. List [#30-6–9] Ex. 6–9 (Memoranda to Claimants). Florio distributed checks to the four claimants on December 7, 8, and 16, 2016. Id.

As stated above, Chingon filed this lawsuit in Texas state court on December 6, 2016, seeking a writ of garnishment from Defendants Florio and Law Offices of Joseph Florio. See Pet. Chingon alleges it is entitled to a portion of the $200,000.00 in settlement funds Defendants

held in trust to satisfy its earlier state court judgment against Judgment Debtors. *See* Pet. Defendants removed the case to this Court on January 17, 2017. *See* Notice Removal [#1].

Chingon filed the instant motion for remand on February 13, 2017. *See* Mot. Remand [#8]. Defendants filed a combined motion to reopen the civil forfeiture case and to consolidate the civil forfeiture case with this case. *See* Mot. Reopen [#11]. The Court conducted hearings on the pending motions on April 12, 2017 and May 23, 2017. The parties submitted supplemental briefing as requested by the Court. *See* Chingon Br. [#35]; Defs.' Br. [#34].

The parties' motions are fully briefed and now ripe for consideration.

## Analysis

### I. Legal Standard

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Upon the existence of original jurisdiction, district courts also have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction." 28 U.S.C. § 1367(a).

### II. Application

Defendants contend this Court has jurisdiction of this case because of original and supplemental jurisdiction. Specifically, Defendants assert original jurisdiction under 28 U.S.C. § 1331 because federal law preempts state law, and supplemental jurisdiction under 28 U.S.C. § 1367(a) because federal courts have jurisdiction over related claims. Defendants argue they

acted in compliance with this Court's order in the civil forfeiture suit, and Chingon is attempting to circumvent that order.

The Court lacks jurisdiction to consider this case. This case raises a purely state-law claim for a writ of garnishment stemming from Chingon's state court judgment and turnover order. The fact that federal law preempts state law does not confer original jurisdiction for this Court to resolve state law claims. Also, no factual-interrelatedness to the previous civil forfeiture case in this Court can establish supplemental jurisdiction under 28 U.S.C. § 1367. *See Peacock v. Thomas*, 516 U.S. 349, 355 (1996) ("Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit."); *see also Energy Mgmt. Services, LLC v. City of Alexandria*, 739 F.3d 255, 260 (5th Cir. 2014). In narrow circumstances, a district court may exercise ancillary jurisdiction to enforce its own judgments. *See Peacock v. Thomas*, 516 U.S. at 356. However, this case involves enforcement of Chingon's state court judgment for a breach of contract, not a judgment of this Court. Thus, there is no basis for this Court to exercise jurisdiction over Chingon's state law cause of action.

None of the cases cited by Defendants warrant a different conclusion. In *Sw. Airlines Co. v. Texas Intern. Airlines, Inc.*, the Fifth Circuit affirmed the district court's jurisdiction to effectuate its prior decree in response to a party's attempt to re-litigate in state court "questions identical with those decided" previously resolved by the district court. *See* 546 F.2d 84, 88 (5th Cir. 1977). By contrast, this case involves a writ of garnishment to collect on a state court judgement, a different issue than that addressed by this Court in the previous civil forfeiture case. *In re Chiron Equities, LLC* is inapplicable as it involved application of a federal statute conferring jurisdiction to the federal bankruptcy court. *See* 552 B.R. 674, 685 (Bankr. S.D. Tex.

2016). That bankruptcy statute is not at issue in this case. Finally, in *Marshall v. Local Union No. 639, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Inc.*, the District of Columbia Circuit explained a district court has jurisdiction to determine whether a party is in violation of its ordered injunction. *See* 593 F.2d 1297, 1303 (D.C. Cir. 1979). Again, the facts of the case at hand are different—there is no injunction or alleged violation of the same.

In an attempt to maintain this case in federal court, Defendants have moved to reopen the civil forfeiture lawsuit and consolidate this case with that earlier suit. However, as explained above, the Court lacks subject matter jurisdiction over Chingon's state claim. For that reason alone, the Court declines to reopen the civil forfeiture case to resolve this state law dispute. Further, none of the parties in this case were parties in the civil forfeiture lawsuit Defendants seek to reopen, and the issues are different between the cases. The breach of contract claim underlying Chingon's writ of garnishment action was not at issue in the civil forfeiture lawsuit. Defendants have failed to identify any legal basis for reopening a closed civil forfeiture lawsuit to resolve a dispute involving non-overlapping parties and distinct legal issues.

Finally, the Court addresses Defendants' arguments related to Florio's alleged compliance with this Court's earlier order in the civil forfeiture case. The Court's order plainly stated $200,000.00 from the net proceeds of the sale of the Forfeited Property were to be paid to seven claimants in trust of Florio. *See* Order of Mar. 19, 2015 [#141] at 8. At the hearing before this order, Florio expressed concern regarding distributing funds to all seven claimants listed in the Court's order. *See* Feb. 25, 2017 Hr'g Tr. 6:3–7:6. The Court instructed Florio to come back to this Court after the sale of the Forfeited Property to resolve any questions or concerns regarding disbursement of the funds. *See id.* at 7:16–8:12. Florio did not heed the Court's advice, but instead deducted his legal fees and distributed the remaining funds to four claimants.

In light of Chingon's collection efforts, Florio could have sought clarification, intervention, and/or protection from this Court or the state court before acting on the proceeds from the USMS. He did not. The Court has no jurisdiction to intervene now, but Defendants may rely on this Court's orders as defense in state court.

## Conclusion

The Court lacks subject-matter jurisdiction over the claims made in this case, and remand is therefore required.

Accordingly,

IT IS ORDERED that Plaintiff Chingon International, LLC's Motion to Remand [#9] is GRANTED;

IT IS FURTHER ORDERED that Defendants Motion to Reopen Case 13-CV-00194 and Consolidate [#11] is DENIED;

IT IS FURTHER ORDERED that all other pending motions are DISMISSED as moot;

IT IS FURTHER ORDERED that this case is REMANDED to the 98th Judicial District Court of Travis County, Texas, where it originated as Cause Number D-1-GN-16-005907; and

IT IS FINALLY ORDERED that the Clerk of Court shall provide the Travis County District Court with a certified copy of this order.

SIGNED this the 3rd day of October 2017.

SAM SPARKS
UNITED STATES DISTRICT JUDGE